**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| COOPER CLARK FOUNDATION, on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:18-cv-01222 (State Court Case No. 2016-cv-000039) |
| OXY USA, Inc. | ) ) | |
| Defendant. | ) ) | |

### **DECLARATION OF ANGELA PASLAY, CPA**

1. My name is Angela Paslay. I am over the age of 21 years and am fully competent to make this declaration. I have personal knowledge of the facts stated in this declaration and they are all true and correct.

2. I am a Director at Applied Economics Consulting Group, Inc. ("Applied Economics") in Austin, Texas. Applied Economics conducts economic and financial analysis for a wide variety of clients across a number of industries. I am a Certified Public Accountant licensed by the State of Texas.[1] I have substantial experience in the oil and gas industry and the assessment of facts and circumstances in complex litigation. Prior to joining Applied Economics, I worked for over 14 years in the oil & gas industry as a member of accounting, marketing and legal departments. I am a graduate of Sam Houston State University and a member of the American Institute of Certified Public Accountants. I have relevant experience in and an understanding of the economic issues present in this matter and both my academic and professional experiences qualify me to present this declaration. A copy of my professional resume is attached to this affidavit as Exhibit A.

3. I have been retained by Oxy USA Inc. ("Oxy") in connection with the above-captioned case to perform and provide calculations at the request of Oxy's counsel. Specifically, I have been asked to calculate the amount in controversy brought about by the Plaintiffs' claims in this case, covering the production months of July 2007 through April 2014. The claims are found in the three First Amended Class Petitions originally filed in the following

---

[1] Applied Economics Consulting Group, Inc. is not a CPA firm.

**EXHIBIT C**

cases, which were consolidated into *Cooper Clark Foundation vs. Oxy USA Inc.*, No. 2016-CV-39, in Grant County, Kansas, which was removed to this Court:

- Cooper Clark Foundation vs. Oxy USA Inc. State Court Case No: 2016-CV-39 in Grant County, Kansas[2]

- Cooper Clark Foundation vs. Oxy USA Inc. State Court Case No: 2016-CV-17 in Haskell County, Kansas[3]

- Phillip Fink v Oxy USA Inc. State Court Case No: 2016-CV-13 in Morton County, Kansas[4]

4. I have reviewed the three First Amended Class Action Petitions in this case. For the purposes of estimating the amount in controversy brought about by Plaintiffs' claims, I accepted Plaintiffs' claims at face value and did not exclude or reduce Plaintiffs' or the proposed class's claimed damages based on Oxy's defenses (I understand Oxy intends to contest Plaintiffs' claims in the lawsuit).

5. In order to perform the computations, I have received and relied on actual data and documents provided by Oxy in this matter, including the following: historical electronic payment history extracted from Oxy's revenue accounting system; gas gathering and processing agreements; historical plant statements; historical prices realized by OEMI; the *Littell* Settlement Agreement and related material; and material pertaining to *Cooper Clark Foundation vs. Oxy USA Inc.* (Case No. 2017-CV-3 in Grant County, Kansas). All of the information I have relied upon is information of a type that I and other experts in my field would typically rely upon in evaluating potential amounts in controversy in a case of this type.

6. Table 1 below reflects the categories of claims and minimum amounts in controversy related to certain claims found in each case consolidated herein. These amounts include principal amounts only and do not include interest or attorney's fees. This total also does not include estimated damages for Plaintiffs' claims, on behalf of itself and the proposed class, for interest on Conservation Fee deductions refunded by Oxy, or for any other claim not enumerated in the table below. As discussed below, these amounts were calculated using the data referenced above.

---

[2] First Amended Class Action Petition, August 7, 2018.
[3] First Amended Class Action Petition, December 1, 2017.
[4] First Amended Class Action Petition, August 7, 2018.

| | Table 1 | | | | | |
|---|---|---|---|---|---|---|
| | Processing Fees | Mainline Fees | Price Claim | Plant Fuel Claim | Field Fuel Claim | Minimum Amount in Controversy |
| Gas Processing Contract with DEFS August 1, 2005 | $ - | $ 263,081 | $ 167,596 | $ 1,245,644 | $ 1,538,565 | $ 3,214,887 |
| Gathering and Processing Agreement with Regency December 1, 2004 | $ 383,013 | $ 547,798 | $ 70,916 | * | $ 761,613 | $ 1,763,340 |
| Gathering and Processing Agreement with Regency September 1, 2003 | $ - | $ - | $ 37,894 | ** | $ 451,341 | $ 489,235 |
| **Minimum Amount in Controversy** | $ 383,013 | $ 810,879 | $ 276,406 | $ 1,245,644 | $ 2,751,519 | $ 5,467,462 |

*Notes:*
  * Plant Fuel included in Mainline Fees
  ** Plant Fuel included in Field Fuel Claim

7. First, I compiled from the electronic pay history files the putative class members' volumes and values by month, including owner Mcf, owner gallons, owner NGL values, and owner deductions. I also reviewed each of the three gathering and processing contracts and plant statements from each.

8. In order to calculate the Processing Fees[5] and Mainline Fees Claims, I utilized the total owner deductions as compiled from the electronic pay history files. After allowing for the undisputed $0.15 *Littell* gathering rate, I was able to determine the total amount of owner deductions remaining in controversy. The total amount of owner deductions in controversy was estimated between Processing Fees and Mainline Fees based on the stated Processing Fees in the contracts, if any. Only the Gathering and Processing Agreement with Regency dated December 1, 2004 contains a Processing Fee, which was used to estimate the split of the total amount of owner deductions in controversy between Processing Fees and Mainline Fees for that contract. Under the Gas Processing Contract with DEFS dated August 1, 2005, there are no contractual Processing Fees, and all owner deductions in excess of the *Littell* rate were considered Mainline Fees for that contract. No amounts in controversy were estimated for the Gathering and Processing Agreement with Regency dated September 1, 2003 for Processing Fees and Mainline Fees Claims.

9. In order to estimate the Price Claim, I compared OEMI's weighted-average sales price at the tailgate of the National Helium plant to the PEPL index in each month. In months where the OEMI price was higher than the PEPL index, I multiplied the difference by the

---

[5] Processing Fees do not include amounts associated with percentages of proceeds withheld by the processor or purchaser, if any, on the products of NGLs or Helium.

owner Mcf as compiled from the electronic pay history to arrive at the estimated amount in controversy for the Plaintiffs' Price Claim.

10. In order to estimate the Plant Fuel and Field Fuel Claims, I relied on the fuel amounts reflected in the respective plant statements, as well as the claimed fuel rate alleged by Cooper Clark Foundation in Case No. 2017-CV-3 in Grant County, Kansas. I determined the monthly volume of plant fuel and, separately, the monthly volume of field fuel using the respective percentages and the owner Mcf as compiled from the electronic pay history. I valued the plant fuel and field fuel at the PEPL index for each month to arrive at the estimated amount in controversy for the Plaintiffs' Plant and Field Fuel Claims. Under the Gathering and Processing Agreement with Regency dated December 1, 2004, plant fuel charges were charged in fees, not in kind, and are included within the Mainline Fees Claims amounts. Under the Gathering and Processing Agreement with Regency dated September 1, 2003, the plant fuel amount is combined within the field fuel amount based on a review of the relevant plant statements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this day, September 11, 2018

_Angela Paslay_
Angela Paslay, CPA

# ANGELA PASLAY, CPA

APPLIED ECONOMICS CONSULTING GROUP, INC.
1905 North Lamar Blvd.
Austin, Texas  78705
713-376-6520   Fax 512-474-6756
apaslay@aecgi.com  www.aecgi.com

## EDUCATION

BBA, Accounting, Sam Houston State University, 1993

## PROFESSIONAL LICENSES AND ASSOCIATIONS

Certified Public Accountant, State of Texas, November 1995 - current

American Institute of Certified Public Accountants - Member

## WORK EXPERIENCE

Applied Economics Consulting Group, Inc., July 2007 to Present
*Director*

> Provide financial, economic, and litigation consulting services to clients in the oil and gas industry. Litigation consulting and support services focus primarily on damage analysis for complex commercial litigation matters and economic analysis for oil and gas contract dispute matters.

ConocoPhillips, April 2006 to June 2007

Burlington Resources, November 1993 to March 2006

> Held various positions in the legal, marketing and accounting departments.  Responsible for royalty compliance, litigation support, product valuation, strategic planning and budgeting, supply management, and pipeline and revenue accounting.

## RECENT CONTINUING PROFESSIONAL EDUCATION

Ethics Training for Texas CPAs, May 2017
The Pocket MBA: Concepts and Strategies, May 2016
The Pocket CFO: Tools & Metrics, May 2016
Legal Environments of Business, June 2012