IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COOPER CLARK FOUNDATION,
On behalf of itself and
All others similarly situated,

       Plaintiff,

v.                                                                                Case No. 18-1222-JWB

OXY USA INC.,

       Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Plaintiffs' motion to reconsider. (Doc. 30.) The motion has been fully briefed and is ripe for decision. (Docs. 31, 35.) Plaintiffs' motion is DENIED for the reasons set forth herein.

**I.    Background**

On March 27, 2019, this court entered an order denying Plaintiffs' motion to remand this action to state court. (Doc. 28.) The detailed history of the consolidated state court action is set forth in that order and will not be restated here. The pertinent question in that decision was whether a consolidated class action was merged into a single action under Kansas state law. If so, the amount in controversy was established in this case. In the prior order, the undersigned conducted a review of Kansas and federal law and determined that when a "plaintiff obtains consolidation under K.S.A. 60-242(a)(2) of putative class actions with overlapping claims, classes, and defendants, consolidation results in merger and CAFA jurisdiction is therefore evaluated based on the amount in controversy in the merged case." (Doc. 28 at 14-15.) Therefore, CAFA jurisdiction was established and the motion to remand was denied.

Plaintiffs have now moved for reconsideration of this court's decision. Plaintiffs argue that the court erred by interpreting the state court judge's consolidation order as a consolidation under 60-242(a)(2) and that the court erred by not following federal law. The arguments will be briefly addressed in turn.

II. **Analysis**

First, K.S.A. 60-242(a) provides as follows:

(a) Consolidation. If actions involving a common question of law or fact are pending before the court in the same or different counties in the judicial district, the court may:
(1) Join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

In the order denying remand, the court reviewed the underlying state court judge's decision granting the motion to consolidate the three class actions and the record in that consolidated action. (Doc. 28.) The court concluded that the order of consolidation was an order under K.S.A. 60-242(a)(2) based on the language in the order. (Doc. 28 at 6.) Plaintiff contends that this court erred construing the order for consolidation as an order under section 60-242(a)(2) because the state court did not specifically identify the subpart in the order. Plaintiff, however, fails to identify how this court's decision was erroneous. The state court judge did not specifically identify the basis for the consolidation. But, Plaintiff makes no argument that this case was consolidated under a different subpart.

The state court order stated that "Plaintiff is requesting that all three (3) actions, currently in the 26th Judicial District, be *consolidated into one action*." (Doc. 28 at 12) (emphasis supplied.) The order clearly consolidates the matter into one action, as indicated by 60-242(a)(2). Plaintiff makes no attempt at a colorable argument as to why the state court order was a consolidation under a different subpart.

Therefore, Plaintiffs have not shown the court erred in construing the order as an order to consolidate under 60-242(a)(2).

Finally, Plaintiffs argue that this court erred by not following federal law regarding consolidation under Fed. R. Civ. P. 42(a) and by "wading into the murky waters of divining the legislative intent." (Doc. 30 at 3-4.) Motions to reconsider are appropriate when there is (1) an intervening change in the controlling law, (2) new evidence, or (3) the need to correct clear error or prevent manifest injustice. D. Kan. R. 7.3. A motion for reconsideration is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs' arguments regarding federal law have already been presented to the court and therefore reconsideration is not appropriate on those grounds. With respect to Plaintiffs' objection to this court's discussion on legislative history, the court declines to find error. The court did not base its holding on legislative history alone. Notably, Plaintiffs argued in the motion to remand that legislative history supported their position but now object that the court considered the same. (Doc. 28 at 13.) The court sees no need to revisit its decision, which was based on a thorough review of Kansas and federal law.

### III. Conclusion

Plaintiffs' motion for reconsideration (Doc. 30) is DENIED.

IT IS SO ORDERED this 16th day of May , 2019.

                           s/ John W. Broomes
                           JOHN W. BROOMES
                           UNITED STATES DISTRICT JUDGE